James J. McGuire
Mark A. Berube
Vincent Filardo, Jr.
MISHCON DE REYA NEW YORK LLP
200 Park Avenue, 44th Floor
New York, NY 10166
(212) 612-3270 (phone)
(212) 612-3297 (fax)

*Of Counsel:*
Ronny L. Kurzman
1200 Avenue of the Americas, 3rd Floor
New York, New York 10036
(646) 448-9990 (phone)
(954) 678-0696 (fax)

*Attorneys for Lead Plaintiffs and the Prospective Class*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------------x

THE AMERICAN SOCIETY OF MEDIA
PHOTOGRAPHERS, INC., GRAPHIC ARTISTS
GUILD, PICTURE ARCHIVE COUNCIL OF
AMERICA, INC., NORTH AMERICAN NATURE
PHOTOGRAPHY ASSOCIATION,
PROFESSIONAL PHOTOGRAPHERS OF
AMERICA, LEIF SKOOGFORS, AL
SATTERWHITE, MORTON BEEBE, ED KASHI,
JOHN SCHMELZER, SIMMS TABACK,
LELAND BOBBE, JOHN FRANCIS FICARA,
and DAVID W. MOSER,
on behalf of themselves and all others
similarly situated,

                           Plaintiffs,

           -against-

GOOGLE, INC.,

                       Defendant.

--------------------------------------------------------------------x

Case No. 10-CV-02977 (DC)


**FIRST AMENDED
CLASS ACTION COMPLAINT**


**JURY TRIAL DEMANDED**

Plaintiffs, on behalf of themselves and all others similarly situated, by their attorneys, Mishcon de Reya New York LLP and Ronny L. Kurzman, Esq., allege for their Complaint against defendant Google, Inc. ("Google" or "Defendant"), upon personal knowledge as to matters relating to themselves and upon information and belief as to all other matters, allege as follows:

## NATURE OF THE ACTION

1.      This is a civil action that arises under the laws of the United States and is designed to redress the most widespread, well-publicized, and uncompensated infringement of exclusive rights in images in the history of book and periodical publishing. This action propounds claims for copyright infringement and seeks monetary, injunctive, and declaratory relief, as well as all other appropriate remedies to which Plaintiffs are entitled.

2.      Defendant Google owns and operates a worldwide Internet search engine that, among other things, provides access to commercial and non-commercial Internet websites.

3.      Google has contracted with numerous libraries, including those of the Universities of California, Michigan, Virginia, and Wisconsin and Stanford University, to create digital "archives" of the libraries' collections of books by electronically copying those books in their entirety. Google intends to enter into similar agreements with numerous additional libraries and electronically copy their collections of books; in fact, Google may have begun doing so already. Google has also "partnered" with various book and periodical publishers to electronically copy books and periodicals that have been published.

4.      These books and periodicals contain photographs, illustrations, graphic art, and other visual images protected by copyright law.  Google has stored for its own commercial uses, both known and unknown, a digital copy of the books and periodicals and the visual works therein and has electronically distributed and publicly displayed the same.

5.      By (i) scanning and creating a digital copy of those photographs, illustrations, graphic art, and other visual images not in the public domain (collectively, "Visual Works" further defined *infra* at Paragraph 45) absent the necessary permissions or grants of rights from the exclusive rights holders in those Visual Works, (ii) storing for itself a digital copy of the Visual Works contained in such books and periodicals, and (iii) distributing and publicly displaying the Visual Works in such books and periodicals, Google is engaging in massive copyright infringement.  Google has infringed, to this date continues to infringe, and threatens future infringement of the various exclusive rights in the Visual Works.

6.      Google has announced its plans to post these copies of books, periodicals, and the Visual Works contained therein on its website for the commercial purpose of, among other things, attracting visitors thereto and thereby generating advertising revenue.  Google, in actuality, has already begun doing so.

7.      The Class (as that term is defined *infra* at Paragraph 44) consists of copyright owners, namely photographers, illustrators, graphic artists, and their licensees, heirs, and assigns, whose proprietary content Defendant has copied, stored, electronically distributed, and publicly displayed without the authorization of the exclusive rights owners.  Defendant has continued and will continue its brazen acts of willful copyright infringement unless enjoined by this Court.

8.      Plaintiffs, American Society of Media Photographers, Inc., Graphic Artists Guild, Picture Archive Council of America, Inc., North American Nature Photography Association,

Professional Photographers of America, Leif Skoogfors, Al Satterwhite, Morton Beebe, Ed Kashi, John Schmelzer, Simms Taback, Leland Bobbé, John Francis Ficara, and David W. Moser (collectively "Lead Plaintiffs"), adequately represent the Class. The financial viability and ability of Individual Plaintiffs ("Individual Plaintiffs" further defined *infra* at Paragraph 22) and other Class members (collectively, "Plaintiffs") to continue to produce and distribute original and valuable creative works, including photographs, illustrations, graphic art, and other visual works, is dependent upon the protections provided by the United States Copyright Act, 17 U.S.C. § 101 *et seq.* ("Copyright Act").

9.     Google knew or should have known that the Copyright Act required it to obtain authorization from Lead Plaintiffs and other similarly situated holders of exclusive rights in the Visual Works before reproducing, storing, displaying, and distributing digital copies of books and periodicals containing Visual Works for its own commercial use.

10.     Despite this knowledge, Google has unlawfully reproduced, distributed, and publicly displayed the Visual Works contained in the books and periodicals it has scanned and intends to continue to do so, without authorization from the Individual Plaintiffs and other Visual Works' exclusive rights holders. Google has derived, and intends to continue to derive, revenue from this program of infringement by attracting more viewers and advertisers to its website.

11.     By this action, Plaintiffs seek damages and injunctive and declaratory relief with respect to Google's present infringement of the Visual Works, as well as injunctive and declaratory relief as to Google's planned future infringement of the Visual Works.

## JURISDICTION AND VENUE

12.     This action arises under the Copyright Act, 17 U.S.C. § 101 *et seq.*

13.     The Court has original subject matter jurisdiction of this action pursuant to (i) 28 U.S.C. § 1331, because the matter in question arises under the laws of the United States, namely the Copyright Act (17 U.S.C. § 101 *et seq.*); and (ii) 28 U.S.C. § 1338 (a), because the matter in question concerns claims arising under an Act of Congress, namely, the Copyright Act.

14.     This Court has personal jurisdiction over Defendant. Defendant does continuous and systematic business in New York State and in this District and maintains one or more offices and employs personnel in New York State, and therefore is a domiciliary of New York State. See New York Civil Practice Law and Rules ("CPLR") § 301.

15.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 (b) and 1400 (a), because Defendant maintains offices and conducts business therein, and one of the Lead Plaintiffs resides therein.

## PARTIES

## THE ASSOCIATIONAL PLAINTIFFS

16.     Plaintiff American Society of Media Photographers, Inc. ("ASMP") is a not-for-profit corporation organized under the laws of the State of New York with its place of business at 150 North Second Street, Philadelphia, Pennsylvania. Since its founding in 1944, ASMP has been the leading advocate for copyright and contractual rights of freelance published photographers. ASMP, through its 39 nationwide chapters, represents more than 7,000 members, including some of the world's foremost photographers. ASMP's activities on behalf of its members include participating in significant copyright cases in U.S. Courts, policy discussions and testimony before the Copyright Office, consideration of legislation of copyright reform in the

Congress, and educational campaigns to provide useful information to its members about copyright law, contractual issues, and good business practices.

17.     Plaintiff Graphic Artists Guild ("GAG") is a not-for-profit corporation organized under the laws of the State of New York with its place of business at 32 Broadway, Suite 1114, New York, New York 10004-1612.  GAG is a national union of graphic artists dedicated to promoting and protecting the social, economic and professional interests of its members.  GAG's members include graphic designers, web designers, digital artists, illustrators, cartoonists, animators, art directors, surface designers, and various combinations of these disciplines. Founded in 1967, GAG has established itself as the leading advocate for the rights of graphic artists on a wide range of economic and legislative issues from copyright to tax law.

18.     Plaintiff Picture Archive Council of America, Inc. ("PACA") is a not-for-profit corporation organized under the laws of the State of New York with its place of business at 23046 Avenida de la Carlota, Suite 600, Laguna Hills, CA 92652-1537.  PACA is the trade organization in North America representing the vital interests of stock archives of every size, from individual photographers to large corporations, who license images for commercial reproduction.  Founded in 1951, its membership includes over 100 companies in North America and over 50 international members.  Through advocacy, education, and communication, PACA strives to foster and protect the interests of the picture archive community.  Accordingly, PACA works to develop useful business standards, promote ethical business practices, and actively advocate copyright protection.

19.     Plaintiff North American Nature Photography Association ("NANPA") is a not-for-profit corporation organized under the laws of the State of Colorado with its place of business at 10200 West 44th Avenue, Suite 304, Wheat Ridge, CO 80033-2840.  NANPA is the first and

premier association in North America committed solely to serving the field of nature photography.  NANPA promotes the art and science of nature photography and provides information, education, and opportunity for those interested in nature photography.

20.     Plaintiff Professional Photographers of America ("PPA") is a not-for-profit corporation organized under the laws of the State of Delaware with its place of business at 229 Peachtree Street NE, Suite 2200, Atlanta, Georgia, 30303.  Founded in 1880, PPA is the world's largest not-for-profit association for professional photographers, with more than 20,000 members in 54 countries.  The association seeks to increase its members' business savvy as well as broaden their creative scope and is a leader in the dissemination of knowledge in the areas of professional business practices and creative image-making.

21.     The Associational Plaintiffs have associational standing to pursue claims for injunctive and declaratory relief on behalf of their members, who would have standing to sue in their own right.  The protection of their members' copyrights is one of the primary purposes of the Associational Plaintiffs.  Individual participation of the members is not necessary to determine whether Google's acts are in violation of copyright laws and/or to seek and obtain injunctive and declaratory relief.

## THE INDIVIDUAL PLAINTIFFS

22.     The individual plaintiffs are published, professional photographers and illustrators who created Visual Works, published in books and periodicals for which a certificate of registration has issued from the United States Copyright Office for at least one such work infringed by Google, as alleged herein. ("Individual Plaintiffs").  The individual plaintiffs complied in all respects with the Copyright Act and each secured the exclusive right and

privilege in and to the copyright of their Visual Works alleged to be infringed herein by Google. Upon information and belief, these acts of infringement began in or around 2005.

23.    Plaintiff Leif Skoogfors resides in Pennsylvania and is a published photographer, well known for his combat photographs.  His works are contained in books in the libraries of the Universities of California, Michigan, Virginia, and Wisconsin, Stanford University, and/or other libraries whose books Google has reproduced or has indicated its intention to reproduce ("Libraries"), as well as books and periodicals published by Google's publishing partners.

24.    Upon information and belief, Google has scanned, digitized, reproduced, distributed and/or displayed Mr. Skoogfors' photographs, and thereby has infringed his work registered with the United States Copyright Office, including, but not limited to his work entitled "Cold Fusion Experiment," to which he is the exclusive rights holder, identified by him as Image No. EF002186 960670, a copy of which is attached hereto as **Exhibit A**, and identified by the Register of Copyrights Certificate of Registration as VA 863-783, dated on or about November 6, 1997.

25.    Plaintiff Al Satterwhite resides in California, and is a published photographer, famous for his celebrity portraits.  His works are contained in books in the libraries of the Universities of California, Michigan, Virginia, and Wisconsin, Stanford University, and/or the Libraries, as well as books and periodicals published by Google's publishing partners.

26.    Upon information and belief, Google has scanned, digitized, reproduced, distributed, and/or displayed Mr. Satterwhite's photographs, and thereby has infringed his work registered with the United States Copyright Office, including, but not limited to his work entitled "Pistol Pete Maravich," to which he is the exclusive rights holder, identified by him as the photograph on the cover of "Pistol: The Life Of Pete Maravich" by Mark Kiegal, a copy of which

appears in the image attached hereto as **Exhibit B**, and identified by the Register of Copyrights Certificate of Registration as VAu 753-251, dated on or about June 11, 2007.

27.     Plaintiff Morton Beebe resides in California and is a published photographer, highly regarded for his photographs of San Francisco.  His works are contained in books in the libraries of the Universities of California, Michigan, Virginia, and Wisconsin, Stanford University, and/or the Libraries, as well as books and periodicals published by Google's publishing partners.

28.     Upon information and belief, Google has scanned, digitized, reproduced, distributed, and/or displayed Mr. Beebe's photographs, and thereby has infringed his work registered with the United States Copyright Office, including, but not limited to his work entitled "San Francisco," to which he is the exclusive rights holder, identified by him as the photograph on the cover of "San Francisco, City By The Bay" by Harry N. Abrams, a copy of which appears in the image attached hereto as **Exhibit C**, and identified by the Register of Copyrights Certificate of Registration as VA 237-711, dated on or about June 5, 1986.

29.     Plaintiff Ed Kashi resides in New Jersey and is a published photographer, widely known for documenting social and political issues.  His works are contained in books in the libraries of the Universities of California, Michigan, Virginia, and Wisconsin, Stanford University, and/or the Libraries, as well as books and periodicals published by Google's publishing partners.

30.     Upon information and belief, Google has scanned, digitized, reproduced, distributed, and/or displayed Mr. Kashi's photographs, and thereby has infringed his work registered with the United States Copyright Office, including, but not limited to the photographs in his book entitled "Aging In America," to which he is the exclusive rights holder, one such

photograph identified by him as the image attached hereto as **Exhibit D**, and all such

photographs identified by the Register of Copyrights Certificate of Registration as VA 1-299-

541, dated on or about January 26, 2005.

31.    Plaintiff John Schmelzer resides in Illinois and is a published illustrator,

celebrated for his whimsical drawings.  His works are contained in books in the libraries of the

Universities of California, Michigan, Virginia, and Wisconsin, Stanford University, and/or the

Libraries, as well as books and periodicals published by Google's publishing partners.

32.    Upon information and belief, Google has scanned, digitized, reproduced,

distributed, and/or displayed Mr. Schmelzer's illustrations, and thereby has infringed his work

registered with the United States Copyright Office, including, but not limited to his illustrations

contained in the book entitled "Garner On Language And Writing," by Bryan Garner, to which he

is the exclusive rights holder, one such illustration identified by him as the image attached hereto

as **Exhibit E**, and all such illustrations identified by the Register of Copyrights Certificate of

Registration as VA 1-673-144, dated on or about January 30, 2009.

33.    Plaintiff Simms Taback resides in California and is a published illustrator,

beloved for his illustrations for children.  His works are contained in books in the libraries of the

Universities of California, Michigan, Virginia, and Wisconsin, Stanford University, and/or the

Libraries, as well as books and periodicals published by Google's publishing partners.

34.    Upon information and belief, Google has scanned, digitized, reproduced,

distributed, and/or displayed Mr. Taback's illustrations, and thereby has infringed his work

registered with the United States Copyright Office, including, but not limited to the illustrations

in his book entitled "Joseph Had A Little Overcoat," to which he is the exclusive rights holder,

one such illustration identified by him as the image attached hereto as **Exhibit F**, and all such

illustrations identified by the Register of Copyrights Certificate of Registration as VA 981-765, dated on or about November 18, 1999.

35.     Plaintiff Leland Bobbé resides in New York, New York and is a published photographer highly regarded for his work.  His works are contained in books in the Libraries, as well as books and periodicals published by Google's publishing partners.

36.     Upon information and belief, Google has scanned, digitized, reproduced, distributed, and/or displayed Mr. Bobbé's photographs, and thereby has infringed his work registered with the United States Copyright Office, including, but not limited to his work entitled "4 Teens Laughing," to which he is the exclusive rights holder, identified by him as the self-evident photograph in the image attached hereto as **Exhibit G**, and identified by the Register of Copyrights Certificate of Registration as VAu 663-289, dated on or about March 28, 2005.

37.     Plaintiff John Francis Ficara resides in Arlington, Virginia and is a published photographer highly regarded for his work.  His works are contained in books in the libraries of the Universities of California, Virginia, and Wisconsin, Stanford University, and/or the Libraries, as well as books and periodicals published by Google's publishing partners.

38.     Upon information and belief, Google has scanned, digitized, reproduced, distributed, and/or displayed Mr. Ficara's photographs, and thereby has infringed his work registered with the United States Copyright Office, including, but not limited to at least 62 photographs in his work entitled "The American Black Farmers Project," to which he is the exclusive rights holder, one such photograph identified by him as the image attached hereto as **Exhibit H**, and all such photographs identified by the Register of Copyrights Certificate of Registration as VAu 680-331, dated on or about August 23, 2005.

39.      Plaintiff David W. Moser resides in Philadelphia, Pennsylvania and is a published photographer highly regarded for his work.  His works are contained in books in the Libraries, as well as books and periodicals published by Google's publishing partners.

40.      Upon information and belief, Google has scanned, digitized, reproduced, distributed, and/or displayed Mr. Moser's photographs, and thereby has infringed his work registered with the United States Copyright Office, including, but not limited to his work represented by his image file nos. Google 008, Google 018, and Thunder 003a, to which he is the exclusive rights holder, all appearing in "InfoWorld," October 18, 2004, one such photograph identified by him as that depicted by the central magazine cover in the image attached hereto as **Exhibit I**, and all such photographs identified by the Register of Copyrights Certificate of Registration as VAu 650-751, dated on or about November 30, 2004.

## DEFENDANT

41.      Defendant Google is a publicly held corporation organized and existing under the laws of the State of Delaware with its principal place of business at 1600 Amphitheatre Parkway, Mountain View, California.  Google has a place of business in New York State and within the Southern District of New York at 76 Ninth Avenue, New York, New York.

42.      Google owns and operates the largest Internet search engine in the United States, which contains links to more than eight billion commercial and non-commercial Internet pages. Google's search engine is available free of charge to Internet users, but its revenue is generated in large part by the sale of advertising space on the website to other commercial entities.  Upon information and belief, over 98% of Google's earnings originate from advertising revenue.  For the fiscal year ended December 31, 2009, Google reported revenue of $23.6 billion.

43.     Google's "Library Project" is part of a service Google offers originally called "Google Print" and now called "Google Book Search."  Google Book Search is designed to allow users to search the text of books online.  Google's "Partner Program" is part of the same "service" and allows book publishers to submit a physical or digital copy of books it publishes to Google to distribute and display as part of Google Book Search.  Google's "Periodical Project" is also part of the same "service" and allows publishers of periodicals to do the same as Google's book publishing "partners."  Google carried out the infringing copying, distribution, and display of Visual Works that are the subject of this lawsuit as part of Google Book Search.

## CLASS ACTION ALLEGATIONS

44.     Lead Plaintiffs bring this action on behalf of themselves and as a Class Action, pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(2), and/or 23(b)(3), on behalf of a Class initially defined as all persons and entities that own the copyright and/or the relevant exclusive rights in an original Visual Work published in Books and/or Periodicals ("Class"; Visual Works defined *infra* at Paragraph 45; Books defined *infra* at Paragraph 46; Periodicals defined *infra* at Paragraph 47).  Excluded from the Class are: (a) Defendant; (b) the subsidiaries and affiliates of Defendant; (c) any person or entity who is a partner, officer, director, employee, or controlling person of Defendant; (d) any entity in which Defendant has a controlling interest; (e) any exclusive rights holder who has duly authorized Defendant to exercise the relevant exclusive rights at the time Defendant engaged in such acts; (f) the departments, agencies, and instrumentalities of the Untied States government, including this Court; and (g) the legal representatives, heirs, successors, and assigns of any excluded party.

45.     "Visual Works" means original visual works such as photographs, illustrations, graphic art, and other visual art.

46.      "Book" means a written or printed work that has been lawfully published or distributed to the public or made available for public access as a set of written or printed sheets of paper bound together in hard copy form.  The term "Book" does not include: (i) personal papers (*e.g.*, unpublished diaries or bundles of notes or letters), (ii) written or printed works in, or as they become in, the public domain under the Copyright Act in the United States, or (iii) Government Works (defined *infra* at Paragraph 48).

47.      "Periodical" means a newspaper, magazine, comic book, journal, or any other publication: (i) that is published at a stated frequency with the intent to continue publication indefinitely; (ii) whose continuity shows from issue to issue (*e.g.*, by serialization of articles or successive issues carrying the same style, format, theme, or subject matter); (iii) whose content consists of original or reprinted articles on one topic or many topics, listings, photographs, illustrations, graphs, a combination of advertising and non-advertising matter, comic strips, legal notices, editorial material, cartoons, or other subject matter; (iv) for which the primary distribution of each issue is made before that of each succeeding issue; and (v) includes any book form compilation of any of the foregoing.

48.      "Government Works" means written or printed works covered by Section 105 of the Copyright Act or state law equivalents thereof.

49.      This action has been brought and may properly be maintained as a Class Action, pursuant to Rules 23(b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

50.      The persons and/or entities in the Class are so numerous that their joinder is impractical, and the disposition of their claims in a Class Action rather than in individual actions will benefit the parties and the Court.  The exact number of members of the Class is not known

to Lead Plaintiffs, but Lead Plaintiffs reasonably estimate that they number in the tens of thousands.

51.     Numerous common questions of law and/or fact exist as to Lead Plaintiffs and all members of the Class, and these common issues predominate over any questions affecting solely individual members of the Class.  Questions of law and fact common to members of the Class include but are not limited to the following:

a.     Whether Defendant's conduct as alleged herein constitutes infringement of the Visual Works held by Individual Plaintiffs and members of the Class;

b.     Whether Defendant derives direct financial and related benefits from the infringing acts complained of herein;

c.     Whether Google acted willfully with respect to the acts complained of herein;

d.     Whether injunctive and/or declaratory relief is appropriate; and

e.     Whether Individual Plaintiffs and members of the Class are entitled to damages for Defendant's wrongful conduct as alleged herein, including (i) statutory damages as applicable; (ii) monetary damages; (iii) disgorgement of profits; (iv) prejudgment interest; and (v) attorneys' fees and Court costs.

These questions of law and fact predominate over questions that affect only individual Class members.

52.     The claims of the Lead Plaintiffs are typical of those of the Class.  The Individual Plaintiffs and other members of the Class own exclusive rights in Visual Works that have been, or face the imminent threat of being, reproduced, distributed, and displayed by Google without

authorization. The claims of the Lead Plaintiffs and all other members of the Class depend on a

showing of Google's unlawful acts complained of herein.

53.     The Lead Plaintiffs are adequate representatives of the Class and will fairly and

adequately protect the interests of the Class. The Lead Plaintiffs' interests do not in any way

conflict with the interests of the members of the Class they seek to represent. The Lead Plaintiffs

are committed to the vigorous prosecution of this action and have retained competent counsel

experienced in both complex Class Action and copyright litigation.

54.     Google has acted or refused to act on grounds that apply generally to the Class, so

that final injunctive relief or corresponding declaratory relief is appropriate with respect to the

Class as a whole.

55.     A Class Action is the best available method for the fair and efficient adjudication

of this action. Since the similar damages suffered by individual Class members, while not

inconsequential, may be relatively small, the expense and burden of individual litigation make it

impractical for members of the Class to seek redress individually for the wrongful conduct

alleged herein. Should separate actions be required to be brought by each individual member of

the Class, the resulting multiplicity of lawsuits would cause undue hardship on and expense to

the Court and litigants. A Class Action is therefore the best method to assure that the wrongful

conduct alleged herein is remedied, and that there is a fair, efficient, and full adjudication of this

action. Plaintiffs anticipate no undue difficulty in the management of this litigation as a Class

Action. The members of the Class are reasonably ascertainable through methods typical of Class

Action practice and procedure and through Defendant's own records.

## ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

56.     Google is in the business of providing Internet search services to the public.  It derives approximately 98% of its revenues directly from the sale of advertising.  For the fiscal year ended December 31, 2009, Google reported revenue of $23.6 billion.

57.     Google has announced its intention to create an online database of all of the world's books, beginning with agreements with major university libraries in the United States. Google has entered into agreements with the Universities of California, Michigan, Virginia, and Wisconsin and Stanford University.  Google intends to enter into similar agreements with other libraries and may have already done so.  Google is working with these libraries to digitally copy and reproduce Books and the Visual Works therein from their collections and distribute and display this content through Google Book Search.  Google is providing the scanning technology that allows the various library collections' Books, and Visual Works contained therein, to be reproduced, distributed, and displayed.

58.     Furthering its desire to include every book in the world in Google Book Search, Google has formed a "Partner Program" through which book publishers provide Google with physical or digital copies of Books, and the Visual Works contained therein, that it has published. When Google is provided with a physical copy of a Book, it scans and reproduces the Book and Visual Images therein, as it likewise does in connection with its Library Project.  Google then distributes and displays the Books and Visual Works that Google obtained from its "Partner" as part of Google Book Search.

59.     Google has also "partnered" with publishers of Periodicals in much the same way as in its Partner Program.  Publishers of Periodicals provide Google with physical or digital copies of Periodicals, and the Visual Works therein, that it has published.  When Google is provided with a physical copy of a Periodical, it again scans and reproduces the Periodical and Visual Works therein.  Google thereupon distributes and displays the Periodicals and Visual Works that Google obtained from Periodical publishers as part of Google Book Search.

60.     Google itself concedes that it has already scanned over twelve (12) million books in their entirety and has identified one hundred and seventy-four (174) million books that it may similarly reproduce, distribute, and publicly display.

61.     Google has used and plans to continue to use the Books and Periodicals, and Visual Works therein, to attract visitors and advertisers to its website.

62.     Google has already copied Books and Periodicals containing Visual Works for which the Individual Plaintiffs and members of the Class own the exclusive rights.  In doing so, Google has reproduced at least one digital copy of the Visual Works contained in the Books and Periodicals without the copyright holders' permission and in violation of their exclusive rights under the Copyright Act.  Google has distributed and publicly displayed Books and Periodicals and the Visual Works therein through its commercial website and stated its intention to continue to do so.

63.     Google continues to reproduce digital copies of the Individual Plaintiffs' and other members of the Class' Visual Works contained in Books and Periodicals without their authorization.  Google continues to distribute and display the Books, Periodicals, and Visual Works therein on its website for the commercial purposes discussed herein.

64.     Google has stated its intention to continue to reproduce Books and Periodicals containing Visual Works, further develop its searchable electronic database of such Books, Periodicals, and Visual Works, and (i) sell subscriptions to its database to institutional customers, (ii) sell online access to such Books, Periodicals, and Visual Works to consumers, and (iii) develop future revenue streams from consumer subscription sales to its database, print-on-demand services, custom publishing services, PDF download services, and book summary, abstract and compilation sales.  This constitutes only Google's known intentions.

65.     Google's acts have caused, and unless restrained will continue to cause, damages and irreparable injuries to Lead Plaintiffs and the Class members through:

    a.     continued copyright infringement and/or the effectuation of new and further infringements of the Visual Works contained in Books and Periodicals;

    b.     diminution of the value and ability to license and sell their Visual Works;

    c.     lost profits and/or opportunities; and

    d.     damage to their goodwill and reputation.

66.     Google acted willfully or knew or should have known that its actions constitute infringement.

67.     Individual Plaintiffs and members of the Class have suffered damages and/or are in imminent danger of suffering damages from Google's unlawful practices.

## CAUSES OF ACTION

### COUNT ONE

### Copyright Infringement, 17 U.S.C. § 501
### (By Individual Plaintiffs And Certain Class Members Only)

68.     Individual Plaintiffs and certain Class members reallege and incorporate by reference as if fully set forth herein the allegations contained in all preceding Paragraphs.

69.     Individual Plaintiffs and certain other members of the Class own valid exclusive rights in and to at least one Visual Work contained in at least one Book and/or Periodical that Google has reproduced, distributed, and/or displayed. They, not Google, have exclusive rights to, among other things, reproduce their Visual Works, distribute copies thereof to the public, publicly display their Visual Works, and authorize such reproduction, distribution, and display thereof.

70.     Google has reproduced for its own commercial use at least one copy of a Book or Periodical containing a Visual Work from the University of Michigan library and/or other libraries or sources, including its publishing partners. And, Google has stated that it has copied or intends to copy most, if not all, of the Books in the collections of the Libraries and ultimately all of the books in the world. Further, Google has distributed and displayed at least one Book or Periodical containing a Visual Work on its website.

71.     Google's conduct is in violation of United States copyright law and the exclusive rights held by the Individual Plaintiffs and certain other members of the Class.

72.     Google's infringement of these exclusive rights was and is willful.

73.     As a result of Google's acts of copyright infringement and the foregoing allegations, Individual Plaintiffs and certain other members of the Class have suffered damages

in an amount to be determined at trial and are entitled to statutory damages under the Copyright Act at their election.

## COUNT TWO

### Injunction
### (By All Plaintiffs)

74.    Plaintiffs reallege and incorporate by reference as if fully set forth herein the allegations contained in all preceding Paragraphs.

75.    Google has already begun reproducing, distributing, and displaying Books and Periodicals containing Visual Works.

76.    Google has also announced its intention to: (i) continue to scan and reproduce Books and Periodicals and the Visual Works contained therein; (ii) further develop its searchable electronic database of such Books, Periodicals, and Visual Works; (iii) sell subscriptions to its database to institutional customers; (iv) sell online access to such Books, Periodicals, and Visual Works to consumers; and (v) develop future revenue streams from consumer subscription sales to its database, print-on-demand services, custom publishing services, PDF download services, and book summary, abstract, and compilation sales.

77.    Google's reproduction, distribution, and public display of the Visual Works contained in such Books and Periodicals constitutes copyright infringement.

78.     Unless enjoined from doing so, Google's reproduction, distribution and display of the Visual Works contained in such Books and Periodicals will cause Individual Plaintiffs and the Class irreparable harm by depriving them of both the right to control the reproduction, distribution, and/or display of their copyrighted Visual Works and realize and receive reasonable revenue from them.

79.     Plaintiffs are likely to succeed on the merits of their copyright infringement claim, because Google's existing and planned uses of the Visual Works contained in such Books and Periodicals do not fall within any of the statutory exceptions to copyright infringement and are in violation of the exclusive rights held by Individual Plaintiffs and other members of the Class.

80.     The public interest favors protection of copyrights and enforcement of such exclusive rights against those who deliberately and willfully infringe them.

81.     The balance of hardships tips in favor of Plaintiffs, because Google's massive yearly earnings will not be severely damaged by its inability to create a new stream of advertising revenue, and because other comprehensive electronic databases exist for public use.

82.     Plaintiffs are therefore entitled to an injunction barring Google from continued infringement of the copyrights of Individual Plaintiffs and the Class and other equitable relief, as more fully set forth in the Prayer for Relief.

## COUNT THREE

### Declaratory Judgment
### (By All Plaintiffs)

83.     Plaintiffs reallege and incorporate by reference as if fully set forth herein the allegations contained in all preceding Paragraphs.

84.     An actual controversy exists between Plaintiffs on the one hand and Google on the other hand by reason of Google's (i) present and continuing infringement of the Individual

Plaintiff's copyrights and those of the other members of the Class as alleged herein, and (ii) announcement that it will not cease and desist from or remedy its infringing practices with respect to Books and Periodicals containing Visual Works.

85.     Plaintiffs are entitled to a Judgment declaring that Google's actions are unlawful and specifically that Google infringed and continues to infringe the copyrights of the Individual Plaintiffs and other members of the Class in violation of the Copyright Act.

## PRAYER FOR RELIEF

86.     **WHEREFORE**, Plaintiffs pray for relief and that Judgment be entered against Defendant Google, as follows:

A.      As to all Counts, that the Court determine that this action may be maintained as a Class Action pursuant to Rule 23 of the Federal Rules of Civil Procedure and direct that reasonable notice of this action be given to the Class as provided by Rule 23(c)(2) of the Federal Rules of Civil Procedure;

B.      As to Count One, that, pursuant to 17 U.S.C. § 504(b), at the election of Lead Plaintiffs and certain members of the Class, the Court order that (i) Defendant be required to pay Plaintiffs such actual damages as they may have sustained as a consequence of Defendant's infringement, and (ii) Defendant account for all gains, profits, and advantages derived by Defendant, directly or indirectly, from its use of the Visual Works in Books and Periodicals;

C.      As to Count One, that, pursuant to 17 U.S.C. § 504(c)(1), at the election of Lead Plaintiffs and certain members of the Class, the Court order that Defendant be required to pay an award of statutory damages in a sum of not less than $30,000 per Visual Work infringed;

D.     As to Count One, that the Court find that Defendant's conduct was committed willfully, and that, pursuant to 17 U.S.C. § 504(c)(2), at the election of Lead Plaintiffs and certain members of the Class, the Court order that Defendant be required to pay an award of increased statutory damages in a sum of not less than $150,000 per Visual Work infringed;

E.     As to Counts One and Two, that, pursuant to 17 U.S.C. § 502(a), the Court enjoin Defendant, its agents, servants, employees, and all parties in privity with them, both during the pendency of this action and permanently, from infringing the copyrights of the Individual Plaintiffs and other members of the Class in any manner, including but not limited to the reproduction, digitizing, copying, display, printing, reprinting, publishing, vending, distributing, selling, promoting, or advertising of any of the Visual Works in any Books, Periodicals, or other material containing the Visual Works;

F.     As to Counts One and Three, that the Court declare that Google's actions as alleged herein are unlawful and specifically that Google infringed and continues to infringe the copyrights of the Individual Plaintiffs and other members of the Class in violation of the Copyright Act;

G.     As to all Counts, that, pursuant to 17 U.S.C. § 505, the Court order that Defendant pay Plaintiffs' full costs, legal expenses, and reasonable attorneys' fees incurred in this action; and

H.     As to all Counts, that the Court grant Plaintiffs such other legal and equitable relief as the Court finds just and proper.

## DEMAND FOR JURY TRIAL

87.     Plaintiffs demand a trial by jury in this action on all issues so triable.


Dated: New York, New York             Respectfully submitted,
        November 18, 2011

                                      MISHCON DE REYA NEW YORK LLP

                                      By: _____
                                          James J. McGuire
                                          Mark A. Berube
                                          Vincent Filardo, Jr.

                                      200 Park Avenue, 44th Floor
*Of Counsel:*                         New York, New York 10166
                                      Tel: (212) 612-3270
Ronny L. Kurzman, Esq.                Fax: (212) 612-3297
1200 Avenue of the Americas, 3rd Floor   james.mcguire@mishcon.com
New York, New York 10036              mark.berube@mishcon.com
Tel: (646) 448-9990                   vincent.filardo@mishcon.com
Fax: (954) 678-0696


                                      *Attorneys for Lead Plaintiffs and the*
                                      *Prospective Class*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that true and correct copies of Plaintiffs' FIRST AMENDED CLASS ACTION COMPLAINT, with Exhibits were served on Defendant's attorney of record via Federal Express and E-mail on this 18th day of November 2011.

Daralyn J. Durie, Esq.
Joseph C. Gratz, Esq.
Durie Tangri LLP
217 Leidesdorff Street
San Francisco, CA 94111

Vincent Filardo, Jr.

35619-1