

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------x

THE AMERICAN SOCIETY OF MEDIA
PHOTOGRAPHERS, INC., GRAPHIC ARTISTS
GUILD, PICTURE ARCHIVE COUNCIL OF
AMERICA, INC., NORTH AMERICAN NATURE
PHOTOGRAPHY ASSOCIATION,
PROFESSIONAL PHOTOGRAPHERS OF
AMERICA, LEIF SKOOGFORS, AL
SATTERWHITE, MORTON BEEBE, ED KASHI,
JOHN SCHMELZER, SIMMS TABACK,
LELAND BOBBE, JOHN FRANCIS FICARA,
and DAVID W. MOSER,
on behalf of themselves and all others
similarly situated,

                Plaintiffs,

    -against-

GOOGLE, INC.,

                Defendant.

---------------------------------------------x

Case No. 10-CV-02977 (DC)

## STIPULATION REGARDING DEFENDANT GOOGLE, INC.'S AFFIRMATIVE DEFENSES

Plaintiffs The American Society of Media Photographers, Inc., Graphic Artists Guild, Picture Archive Council of America, Inc., North American Nature Photography Association, Professional Photographers of America, Leif Skoogfors, Al Satterwhite, Morton Beebe, Ed Kashi, John Schmelzer, Simms Taback, Leland Bobbe, John Francis Ficara, and David W. Moser, on behalf of themselves and all others similarly situated, ("Plaintiffs") and Defendant Google, Inc. ("Google") hereby stipulate and agree as follows:

Plaintiffs confirm that their claims in this Action do not relate to (1) public performances of any kind; (2) public display in the course of face-to-face teaching activities; (3) public display made as part of class sessions of systematic mediated instructional activities; (4) communication of a transmission embodying a performance or display of a work by the public reception of the transmission on a single receiving apparatus of a kind commonly used in private homes; (5) secondary transmissions made by cable companies; (6) the creation of ephemeral recordings of transmissions; (6) pictures or photographs of useful articles that have been offered for sale or other distribution to the public; (7) 17 U.S.C. § 106A; (8) sound recordings; (9) musical works; (10) computer programs; (11) activities of noncommercial broadcasters; (12) activities of satellite broadcasters; (13) architectural works.

In reliance on the confirmation set forth in the previous paragraph, Google hereby withdraws the statutory defenses premised upon 17 U.S.C. §§ 110 through 120 and 122, as set forth in its Answer to First Amended Complaint, filed June 14, 2012 (Docket No. 51) ("Answer").

Further, Google agrees that should it explicitly seek discovery from Plaintiffs as to the affirmative defenses of 17 U.S.C. §§ 108 and 121, Standing (as to the Associational Plaintiffs), First Amendment, Copyright Misuse, Unclean Hands, Waiver, Estoppel, Laches, or Acquiescence, as asserted in its Answer, it will not oppose a request and/or motion by plaintiffs

seeking leave to bring a Motion to Strike the affirmative defense to which that discovery is explicitly directed at that time.

Joseph Gratz
Daralyn J. Durie
**Durie Tangri**
217 Leidesdorff Street
San Francisco, CA 94111-3007
Telephone: (415) 362-6666
Facsimile: (415) 236-6300
*Counsel for Defendant*

James J. McGuire
Mark A. Berube
Vincent Filardo, Jr.
**Mishcon de Reya New York LLP**
750 Seventh Avenue, 27th Floor
New York, NY 10019
Telephone: (212) 612-3270
Facsimile: (212) 612-3297
*Counsel for Plaintiffs*

SO ORDERED this 6th day of August 2012.

DENNY CHIN
United States Circuit Judge
Sitting by Designation