T9CBAMEC                      Conference

1   UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
2   ------------------------------x

3   THE AMERICAN SOCIETY OF MEDIA
    PHOTOGRAPHERS, INC., et als.,
4
                    Plaintiffs,
5
              v.                            10 CV 2977 (DC)
6
    GOOGLE, INC.,
7
                    Defendant.
8
    ------------------------------x
9                                           New York, N.Y.
                                            September 12, 2013
10                                          10:03 a.m.

11  Before:

12                        HON. DENNY CHIN,

13                                          Sitting by Designation

14                             APPEARANCES

15  MISHCON de REYA NEW YORK LLP
         Attorneys for Plaintiffs
16  MARK BERUBE
    DAN MANDELL
17
    DURIE TANGRI
18       Attorneys for Defendant
    JOSEPH C. GRATZ
19

20

21

22

23

24

25

T9CBAMEC                          Conference

1          (In open court)

2          THE COURT:  Good morning.  We're here on a discovery

3     issue.  We're on the record so that I can make some rulings if

4     need be.  I have letters from plaintiffs' counsel dated August

5     15 and August 22nd; I have a letter from defense counsel dated

6     August 21; and then I have defense counsel's letter dated

7     August 29th transmitting this 312-page document listing

8     apparently thousands and thousands of entries.

9          I think I read somewhere recently that the Southern

10    District rules have changed -- I'm not on the e-mail list

11    anymore-- regarding the filing of letters.  I'm not sure, but I

12    only raise the question to the extent anyone wants to preserve

13    this for appeal, you're going to have to have these letters

14    docketed.  So I don't know if the rules changed, but if you

15    want them docketed, the alternative way to do it is just to do

16    a stip, attach them, submit it for me to be so ordered, and

17    then it can be made a part of the official court record.

18         I'll hear first from plaintiff's counsel.

19         MR. BERUBE:  Good morning, your Honor.  May it please

20    the Court.

21         THE COURT:  Good morning.

22         MR. BERUBE:  First, Jim McGuire, my partner,

23    apologizes for not being here today.  He was actually married

24    this past Saturday and he's on his honeymoon right now.

25         THE COURT:  Tell him I said congratulations.

1          MR. BERUBE:  Thank you.

2          Your Honor, we're seeking leave to move to compel

3     disclosure of communications between Google and its

4     litigation --

5          THE COURT:  Yes.  I think you don't need -- we'll

6     treat this as a motion for now and if I think I want a full

7     briefing or if the parties want a full briefing, you can let me

8     know.  But for now I just want to hear on the merits.

9          My question for you is-- well, first, what documents

10    are we talking about and then why do you need them?

11         MR. BERUBE:  We're talking about the documents I think

12    that are listed in this log that Google has produced to the

13    Court.  Google has made a blanket assertion that any and all

14    communications between it and its litigation adversaries are

15    protected from disclosure under the common interests

16    privilege.

17         THE COURT:  I don't think that's quite what they're

18    saying.  They're not saying everything.  They're saying

19    communications relating to the settlement discussions.  And so

20    it's not everything.

21         MR. BERUBE:  It's my understanding, your Honor, that

22    this log that was produced to the Court is the log of the

23    settlement communications.  We have much --

24         THE COURT:  That might be, but what you said was --

25    don't overstate.  What you said was that they're withholding

T9CBAMEC                    Conference

 1   all communications between counsel.  I don't think that's what

 2   they are saying.  They are saying that certain communications

 3   reflect settlement discussions and that they are withholding

 4   those pursuant to Rule 408.

 5           Is that correct?

 6           MR. BERUBE:  I don't believe it's --

 7           THE COURT:  Mr. Gratz?

 8           MR. GRATZ:  Yes, your Honor.  And I don't know whether

 9   there's a difference between what Mr. Berube has in his mind

10   and what I have in mind, but what is on this log are

11   settlement communications during the period when the

12   settlement was being negotiated and during which approval was

13   being sought.

14           THE COURT:  There were quite a few, I'm sure.

15           MR. GRATZ:  Yes.

16           THE COURT:  So that's all we're talking about in this

17   312-page privilege log.  These are all settlement-related

18   communications.

19           MR. GRATZ:  Yes, your Honor.

20           THE COURT:  Okay.  Next.  Go ahead.

21           MR. BERUBE:  That's correct, your Honor.  I didn't

22   mean to dispute that in any way.

23           THE COURT:  Okay.

24           MR. BERUBE:  But Google does make an argument based

25   upon relevance and Rule 408.  The principal argument was, on

T9CBAMEC                      Conference

1    the privilege log, that these documents are all privileged and

2    they're privileged for two different reasons:  One, Google

3    maintains there's an underlying privilege of documents, that

4    they're protected by the attorney-client privilege, work

5    product protection; and then there's the common interest

6    privilege which prevents waiver of the underlying privilege

7    from exchanging the communication or document with their

8    adversary.

9             So, again, there is an underlying privilege that's

10   being asserted here on the log and then there is a common

11   interest doctrine that they're relying on to say that there's

12   been no waiver of that underlying privilege.  There is no

13   relevance objection anywhere included on this log.  The log

14   entirely deals with privilege objections.

15            THE COURT:  Well, I think the question is how are

16   these-- how are these settlement communications relevant or how

17   can they lead to relevant evidence?

18            MR. BERUBE:  Okay.

19            THE COURT:  What's the answer to that?

20            MR. BERUBE:  Number one, they're relevant because

21   they're on the log, your Honor.

22            THE COURT:  They're not relevant because they're on

23   the log.  They might be responsive.  I mean, you probably-- I

24   don't know what the request is.  The request probably is for

25   any and all communications between counsel relating to

T9CBAMEC                    Conference

1    settlement.  These are responsive.  It doesn't mean they agree

2    they are relevant.

3           Just why do you need these documents?  That's my

4    question.

5           MR. BERUBE:  I need the documents because, as listed

6    on the log, your Honor, they're dealing with copyright

7    intellectual property issues.  The description given of these

8    documents on the log-- and this is, for example, your Honor, on

9    page 14 of the log --

10          THE COURT:  Will these documents help you prove any

11   facts at trial?  Will they lead to any evidence that would be

12   admissible at trial?

13          MR. BERUBE:  If Google's views are its fair use

14   defense are included in those communications that were

15   exchanged between it and its adversary, that is clearly

16   relevant to my case.  I will be able to use those views to

17   develop further evidence --

18          THE COURT:  And if those discussions arise in the

19   context of an effort to settle, how do they become admissible?

20   I mean, in other words, they are trying to settle.

21          MR. BERUBE:  Rule 4 --

22          THE COURT:  They are discussing compromise.  It falls

23   within Rule 408.

24          MR. BERUBE:  Rule 408, your Honor, only prevents the

25   admissibility at trial, number one.  The admission at trial of

T9CBAMEC                    Conference

1   communications, settlement communications, used to either

2   establish liability or damages.  It doesn't even relate to

3   discovery.  That's number one.

4          THE COURT:  I understand that.  And I just said a

5   moment ago it's not-- well, first, are they admissible at

6   trial, or will they lead to admissible evidence even assuming

7   they are not?  So how would these documents lead to admissible

8   evidence?

9          MR. BERUBE:  My contention is, your Honor, if they

10  have documents being disclosed on a privilege log that

11  directly relate to intellectual property issues and copyright

12  issues, those communications could lead me to relevant

13  information.

14         THE COURT:  So your response is they are relevant

15  because they are on the log?

16         MR. GRATZ:  No, they're relevant even the way they

17  describe them on the log.

18         THE COURT:  That's what you just said.  If that were

19  the rule, why would anyone put it on a log?  Go ahead.  What

20  else?

21         MR. BERUBE:  Well, there is a case we cite to your

22  Honor from the Southern District saying exactly that; that

23  because the party put the documents on the privilege log, they

24  impliedly agree they are relevant documents.  There's a case

25  directly on point for that proposition, your Honor, that we

1    cite to you.

2             THE COURT:  Well, I don't know what the case says.

3    What I am saying to you is merely because something is listed

4    on a log does not mean that it is relevant or admissible or

5    that it will lead to admissible evidence.  All that it means is

6    that it is responsive.  And so I'm not sure what the original

7    request was, but if the request was any and all communications

8    between counsel relating to settlement, then they should be

9    listing everything even assuming it's not relevant.  There's a

10   difference between relevance and responsiveness.

11            How did you phrase the request?

12            MR. BERUBE:  The request, your Honor is-- if I could

13   hand this up.

14            THE COURT:  Yes.

15            MR. BERUBE:  Most of this was done through electronic

16   discovery, your Honor.

17            THE COURT:  Okay.  You can hand it up.  Hand it to my

18   law clerk.

19            MR. BERUBE:  That's where Google maintains the

20   majority of its documents.  And we negotiated a search term --

21            MR. GRATZ:  Could I have a copy?

22            THE COURT:  You gave me both.

23            MR. BERUBE:  I'm sorry, I apologize.

24            MR. GRATZ:  Thank you.

25            MR. BERUBE:  We negotiated a search term, your Honor,

T9CBAMEC                     Conference

1    that's set forth as search term number three, directly designed

2    to pull all communications related to the Authors Guild

3    litigation, the companion litigation to this case.  We

4    negotiated the search term to pull those documents.

5                Google agreed --

6                THE COURT:  That doesn't mean that they are relevant

7    or admissible or will lead to admissible evidence.  They relate

8    to it, but --

9                MR. BERUBE:  In the context --

10               THE COURT:  I mean, parties are trying to negotiate a

11   settlement.  They are going back and forth.  The essence of it

12   is to try to compromise.  There's a reason why the rules say

13   that such communications generally are not admissible.  I think

14   to the extent you want to get at other things, there may be

15   other documents that give you the same thing without

16   implicating settlement discussions.  I really am not hearing

17   any good reason to produce these things.

18               MR. BERUBE:  The one issue you wanted me to address,

19   your Honor, I think was the scope of the request.  That is the

20   scope of the request that the parties agreed upon.  There was

21   not a relevance objection made to the production of those

22   documents, your Honor.  That was an agreed-upon negotiated

23   settlement term.

24               I've included an e-mail from opposing counsel

25   stating that they will produce all documents related to the

1    Google --

2              THE COURT:  That's another thing that troubles me.

3    Just because they're trying to compromise, you turn it into an

4    admission, and that's not right.  That's not right.  I mean,

5    they were trying to compromise.  I don't know why you didn't

6    just take them up on the compromise.  It doesn't mean that they

7    say you are right.  They're trying to avoid coming into court

8    so that we take time going over these things.  And you're

9    reading too much into it, Counsel.

10             MR. BERUBE:  That e-mail, your Honor, dealt with the

11   negotiation of the search terms which both parties compromised

12   on.  That was not related to this particular issue, your Honor.

13   That was negotiated--

14             THE COURT:  I've heard enough.

15             MR. BERUBE:  Okay.

16             THE COURT:  The motion is denied.  I am not going to

17   compel this production.  If you want to make a motion for

18   reconsideration and submit a brief, feel free to, but I'm

19   really not hearing anything that is at all persuasive.  If you

20   want to make a motion for reconsideration, go ahead.  Do it

21   within whatever the time frame is.  Google need not respond

22   unless I ask for a response.

23             Okay.  Anything else we should discuss while you're

24   here?

25             MR. BERUBE:  The only other outstanding discovery

T9CBAMEC                    Conference

1   issue between the parties right now, your Honor, is the

2   depositions of Mr. Larry Page and Sergey Brin.  We had raised

3   this issue a while ago with the Court.  I think the Court's

4   response was if we could demonstrate a good cause for their

5   depositions, we could depose them.  We've sent a letter to

6   Mr. Gratz on that issue.  Mr. Gratz informs me he will be

7   getting back to me at the end of the week with their position

8   on that.

9            I just wanted to let the Court know that there could

10  be another letter coming, but not today.  I don't have anything

11  to raise today.

12           THE COURT:  That's fine.  That's fine.  Let me ask you

13  this.  You know, I'm having argument on the summary judgment

14  motion in the other case on the 23rd.  This case is trailing,

15  and my question is you're doing a lot of work, in part because

16  I've been pushing you to get it done.  But what impact will my

17  decision on the summary judgment motion in the other case have

18  on this case?  I don't know what's going to happen.  Are we

19  better off waiting until you see what I do, or what?

20           MR. BERUBE:  It's certainly our view that if you found

21  the program not to be fair use, that would be a substantial

22  impact on our case.  If you found it to be fair use, though, I

23  think our case is substantially different from the Authors

24  Guild case such that it would not have a major impact on our

25  case.  I think the fair use issues relative to the photographs

1    and illustrations are substantially different from fair use

2    issues regarding the entire book, your Honor.

3           THE COURT:  So either way you're going to press this,

4    I gather.

5           MR. BERUBE:  Yes, your Honor.

6           THE COURT:  Okay.  I don't remember the date.  I have

7    it written down here somewhere.  What is your discovery cutoff?

8           MR. BERUBE:  The fact discovery cutoff has already

9    passed.  The remaining discovery to be taken at this point

10   would be the depositions of Mr. Page and Mr. Brin.

11          THE COURT:  That's still fact discovery but it's been

12   carved out, I gather, from the deadline?

13          MR. BERUBE:  That's correct, your Honor.  Possibly

14   some third-party discovery, which has also been carved out, and

15   then we're going to be engaging in expert discovery right now,

16   that's where we are, on the fair use and liability issues.

17          THE COURT:  All right.  Mr. Gratz, do you want to add

18   anything?

19          MR. GRATZ:  No, your Honor.

20          THE COURT:  Okay.  All right.  Well, anything else

21   then?

22          MR. BERUBE:  No, your Honor.  Thank you.

23          THE COURT:  If you need my assistance on any of these

24   other remaining discovery items, do the same thing.  Write a

25   letter.  The other side shall respond.  And if I feel like I

T9CBAMEC                         Conference

1    need briefing, I would ask for it.  I might see you in the

2    first instance.  We'll see.

3              MR. BERUBE:  Thank you, your Honor.

4              THE COURT:  Okay.  Thank you.

5              MR. GRATZ:  Thank you, your Honor.

6              (Adjourned)

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25